*Peirce* for the plaintiffs, *Eustis* for the defendants.

---

## CUEBAS vs. VENAS.

APPEAL from the court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The plaintiff having sued out execution, on a judgment he had obtained against the defendant, obtained a rule on the sheriff, to show cause, why he should not bring the proceeds into court, to be paid to the plaintiff.

More, who had obtained an execution also against the same defendant, intervened and prayed, that the sheriff might be ordered to pay him, by preference or privilege.

A judgment derives its force and effect from what is decreed by the court, not from what is admitted by the parties. A judgment, confessed by an attorney, in presence of his client, has no preference over one confessed out of the client's presence.

A judgment cannot be given with preference, without a prayer for a writ of seizure and judgment by privilege.

The parish court directed the sheriff to pay the proceeds of the sale to each of the defendants, in proportion to the amount of their respective judgments.　More appealed.

The record shows, that Cuebas instituted three respective suits on the same day, and judgments were confessed, on Cuebas' suits on the 9th, and on More's on the 10th of April. On the first, execution was sued out on the 16th; and on the second, on the 20th of the same month.

The appellant's counsel has contended, that his client ought to have had judgment, to be paid by privilege or preference, because judgment was confessed by More to him personally, i. e. he, More, being present in court, when the confession of judgment was entered by his attorney; while, in Cuebas' case, judgment was confessed by an attorney, without the presence of the defendant.

Judgments derive their force and effect from what is decreed by the court, not from the admission of the parties.　If judgment was improperly rendered in Cuebas' case; if the court erred, in admitting the attorney's confession, in the absence of the defendant, the matter cannot be enquired into incidentally, in

the absence of him, against whom judgment was pronounced.

The counsel has further contended, that the appellant was a privileged creditor of Venas, on the vessel which was sold under execution; his claim being for supplies for her. He offered evidence of this fact, and the court refused to receive it.

We think the court did not err, in refusing the proffered evidence. As More did not, in his petition, pray for a writ of seizure, nor for judgment by privilege or preference, the court could only give him a judgment *in personam*, which certainly cannot be amended nor altered in the absence of the defendant, against whom it was rendered.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed, with costs.

*Soule* for the plaintiff, *Rousseau* for the defendant.